## 15816.   MONTGOMERY *v.* THE STATE.

1. While a proper instruction should be given in every case where the accused puts his character in issue, yet, in the absence of a timely request, an omission to give a specific charge on the subject will require a new trial only in exceptional cases. *Scott* v. *State,* 137 *Ga.* 337 (3) (73 S. E. 575). This case falls within the general rule, and not within an exception.

2. Under the facts of this case, the failure of the court to instruct the jury as to the law of mutual combat was not erroneous.

3. The evidence authorized the verdict.

          DECIDED DECEMBER 9, 1924.

Conviction of assault with intent to murder; from Wayne superior court—Judge Summerall. June 28, 1924.

*James R. Thomas & Son,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

LUKE, J.   The accused was convicted of assault with intent to murder the prosecutor, and excepts to the judgment overruling his motion for a new trial.   In addition to the usual general grounds, he excepts to the omission of the court to charge on the subjects of good character and mutual combat.   There was evidence tending to show that the accused and others were engaging in loud and profane language on a public highway at night, when the prosecutor warned them of the approach of females; that the accused resented such interference, and responded to the prosecutor with certain opprobrious words; that the prosecutor thereupon struck the accused with his fist, whereupon the accused and his companions all drew knives and assaulted, stabbed and cut the prosecutor, inflicting a

dangerous wound over the prosecutor's heart. One witness testified to the previous good character of the accused. There was no request for any instruction other than that given by the court to the jury.

The opinion of the court as announced in the headnotes needs no further elaboration.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*